Matter of the Application of M. GROH'S SONS, a Domestic Corporation, for a Writ of Certiorari to Review the Determination of JESSE S. PHILLIPS, as Superintendent of Insurance, etc.

(Supreme Court, New York Special Term, December, 1917.)

Certiorari — writ of, to review alleged determination of superintendent of insurance — New York Fire Insurance Exchange — Insurance Law, § 141.

An application for a writ of certiorari to review an alleged determination of the superintendent of insurance of the state for an order for the removal of an alleged unfair discrimination in fire insurance rates consisting in the fixing by the New York Fire Insurance Exchange of a much lower rate on unmanufactured than on manufactured furs in storage warehouses equipped with sprinklers to extinguish fires and the refusal of that organization to fix in a similar way a lower rate for unmanufactured than for manufactured furs in storage warehouses not so equipped, denied, but without prejudice to a renewal of the application for a hearing at which the New York Fire Insurance Exchange can be heard, the superintendent of insurance basing his refusal to interfere, and to issue the order asked for, upon the language of section 141 of the Insurance Law.

APPLICATION for a writ of certiorari.

Thomás F. Keogh, for relator.

Merton E. Lewis, Attorney-General of the State of New York (Leroy A. Lincoln, of counsel), for respondent.

GIEGERICH, J. This is an application for a writ of certiorari to review an alleged determination of the superintendent of insurance of the state of New York upon the relator's application to have him order the removal of an alleged unfair discrimination in fire insurance rates, consisting in the fixing by the New York Fire Insurance Exchange of a much lower rate on unmanufactured than on manufactured furs in the case of storage warehouses which are equipped with sprinklers to extinguish fires, and the refusal by that organization to fix, in a similar way, a lower rate for unmanufactured than manufactured furs in the case of storage warehouses which are not equipped with such sprinklers. The superintendent of insurance based, and bases, his refusal to interfere and to issue such an order as the relator seeks upon the language of section 141 of the Insurance Law, which, in part, is as follows: " * * * nor shall any such person, corporation, association or bureau, or any person, association or corporation authorized to transact the business of insurance within this state, fix or make any rate or schedule of rates or charge a rate which discriminates unfairly between risks within this state of essentially the same hazard or, if such rate be a fire insurance rate, which discriminates unfairly between risks in the application of like charges or credits, or which discriminates unfairly between risks of essentially the same hazards and having substantially the same degree of protection against fire. Whenever it is made to appear to the satisfaction of the superintendent of.

insurance that such discrimination exists, he may, after a full hearing either before himself or before any salaried employee of the insurance department whose report he may adopt, order such discrimination removed  *  *  *; " his argument being that, as this application deals not with risks of the " same hazards and having substantially the same degree of protection against fire " but with risks having widely different degrees of fire protection, there is no requirement of the statute that applies.  On the other hand, the relator, conceding that the hazards are different and making no complaint at the fixing of a higher rate for his building than for better protected buildings, still insists that the statute covers his grievance in the words " which discriminates unfairly between risks in the application of like charges or credits," and that as sprinklered warehouses are credited with a difference in rate in favor of unmanufactured over manufactured furs, unsprinklered warehouses should be credited with some difference of a like character. On behalf of the superintendent of insurance, it is further claimed that there has not yet been held before him a proceeding of a sufficiently formal character to warrant the statement that he has made a determination and that there is not in his possession matter that can properly be made the subject of a return.  He recognizes, however, that the court may, if the facts do not warrant the issuance of a writ of certiorari, grant to the relator instead a mandamus to compel the commissioner to act.  The commissioner's attorney says in his brief, however, that no mandamus is necessary and that, upon a mere expression of opinion by the court that the relator has shown facts that by any possibility may entitle it to relief, the superintendent will regard such expression of opinion as sufficient warrant for him to give notice of a hearing upon the

relator's complaint and to conduct such hearing in such a way as to establish a record which may be regularly reviewed by writ of certiorari. I am of the opinion that, when the facts are all properly presented, the relator may well be shown to be entitled to the relief it seeks, but I do not think a return could be made, as the matter stands now, which would adequately present the facts and the question for determination. The question is an important one and probably will affect many others besides the relator. When a ruling is finally made it should not be merely upon letters written back and forth, but upon a more adequate record upon a real hearing at which the New York Fire Insurance Exchange should be heard or given an opportunity to be heard, as well as the relator. The motion is therefore denied, without costs and without prejudice to a renewal after a hearing of the kind indicated.

Motion denied, without costs.